# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

CONSUELLA L. COTTON, in her own proper )
person and as mother and next friend of her minor )
children, SHAVON COTTON, JANICE COTTON, )
NATEIYA COTTON, IEISHA COTTON, JAMAL )
COTTON, JEREMAINE COTTON, AND )
PHILLIP McCARTHY, Jr., )
)
         Plaintiff, )
)
v. )
)
THE CITY OF CHICAGO, an Illinois Municipal )
Corporation, SERGEANT DERRICK STARKS, )
Star No. 2226, , and VARIOUS UNKNOWN )
POLICE OFFICERS OF THE CITY OF )
CHICAGO, individually and as employees of the )
Chicago Police Department, )
)
         Defendants. )



JUDGE ZAGEL

03 C 0 0 9 3 3

Case No.

Hon.
Judge Presiding.

MAGISTRATE JUDGE KEYS

JURY DEMANDED

DOCKETED
FEB 1 0 2003

## COMPLAINT

NOW COMES the Plaintiff, CONSUELLA L. COTTON, in her own proper person and as mother and next friend of her minor children, SHAVON COTTON, JANICE COTTON, NATEIYA COTTON, IEISHA COTTON, JAMAL COTTON, JEREMAINE COTTON, AND PHILLIP McCARTHY, Jr., by and through her attorneys, John P. De Rose and Associates, and complains of the Defendants, THE CITY OF CHICAGO, a Municipal Corporation, SERGEANT DERRICK STARKS, and various UNKNOWN POLICE OFFICERS OF THE CITY OF CHICAGO, individually and as employees of the City of Chicago, and states:

### JURISDICTION

1.    The jurisdiction of this Honorable Court is invoked pursuant to 42 U.S.C. § 1983 and supplemental jurisdiction is requested over state law claims pursuant to 28 U.S.C.

§ 1367.

## PARTIES

2. CONSUELLA L. COTTON, (sometimes hereinafter referred to as "Plaintiff"), at all relevant times hereinafter mentioned was a citizen and resident of the State of Illinois and of the United States.

3. SHAVON COTTON, JANICE COTTON, NATEIYA COTTON, IEISHA COTTON, JAMAL COTTON, JAMAL COTTON, JEREMAINE COTTON, AND PHILLIP McCARTHY, Jr., at all relevant times hereinafter mentioned were citizens and residents of the State of Illinois and of the United States.

4. THE CITY OF CHICAGO, is an Illinois Municipal Corporation.

5. SERGEANT DERRICK STARKS and the VARIOUS UNKNOWN POLICE OFFICERS OF THE CITY OF CHICAGO, at all relevant times hereinafter mentioned are believed to have been citizens and residents of the State of Illinois and the United States and were employees of the Chicago Police Department.

6. The identities of the VARIOUS UNKNOWN POLICE OFFICERS OF THE CITY OF CHICAGO are unknown at this time but can and will be ascertained during the discovery phase of the above-captioned cause, at which time Plaintiff will seasonably move the Court for leave to file an Amended Complaint properly identifying them.

## FACTS

7. On or around February 14, 2002, Plaintiff was at her home located at 6018 S. Champlain in Chicago, Illinois.

8. On or around February 14, 2002 at approximately 6:15 p.m., Sergeant Starks and the

Unknown Defendant Police Officers appeared at Plaintiff's home and began banging on the door to the vestibule of the lobby of her apartment building.

9. Sergeant Starks and the Unknown Defendant Police Officers were in plain clothes and wearing bullet proof vests, but showing no outward signs of lawful authority.

10. At the banging and insistent demands of Sergeant Starks and the Unknown Defendant Police Officers, Plaintiff immediately opened the door to the vestibule of the lobby of the apartment building.

11. Without warrant or invitation, Sergeant Starks and the Unknown Defendant Police Officers violently pushed Plaintiff aside and then boisterously rushed and entered her home on the first floor of the building with their guns drawn.

12. Sergeant Starks and the Unknown Defendant Police Officers' entry into Plaintiff's home frightened and intimidated Plaintiff and her family, consisting of seven minor children ranging in age from 16 years to 2 years.

13. Sergeant Starks and the Unknown Defendant Police Officers announced that someone had sold drugs through the front door of the apartment building to an undercover officer, and that they were looking for marked money.

14. Sergeant Starks and the Unknown Defendant Police Officers searched, ransacked, and upset the home of Plaintiff and her minor children.

15. Sergeant Starks and the Unknown Defendant Police Officers hollared and ordered Plaintiff and her minor children about the house, except Shavon Cotton who was not home at the time.

16. Sergeant Starks and the Unknown Defendant Police Officers accused Plaintiff of

having drugs in home.

17. Plaintiff emphatically insisted there were no drugs in her home.

18. Sergeant Starks replied, "I know you are involved in this."

19. Sergeant Starks and the Unknown Defendant Police Officers ushered Plaintiff and her minor children into the front room of her home.

20. Sergeant Starks and the Unknown Defendant Police Officers then brought two unknown men in handcuffs to the living room of the apartment and made them sit on the floor.

21. In the presence and view of her minor children and the two men who were handcuffed on the living room floor, one of Unknown Defendant Police Officers then made Plaintiff pull her underwear down and her gown up, without any right or reason to so do.

22. At that time Plaintiff was in plain view of the two men in handcuffs as well as Sergeant Starks and the Unknown Defendant Police Officers as they walked about the apartment.

23. Shavon Cotton, Plaintiff's oldest daughter was outside the door to the home and was not allowed to enter by order of Sergeant Starks and the Unknown Defendant Police Officers.

24. From her vantage point outside her home, Shavon Cotton could see her mother being subjected to the strip search in front of her brothers and sisters.

25. Without any right or reason to so do, Sergeant Starks and the Unknown Defendant Police Officers then searched Plaintiff's minor children who were in the home at the

time.

26. Brina Spensor, Plaintiff's female friend who was visiting her at the time was also searched.

27. After Sergeant Starks and the Unknown Defendant Police Officers claimed to have found drugs in the upstairs apartment, they told Plaintiff in the presence of her minor children that they knew she was a part of it and that they would take her children away from her.

28. In her presence and the presence of her minor children, Defendant Starks asked the two men from the upstairs apartment if Plaintiff was involved in the selling of drugs, to which they replied, "No, she just lives on the first floor."

29. Sergeant Starks and the Unknown Defendant Police Officers released the two unknown men from the handcuffs and allowed them to leave the building.

30. Sergeant Starks and the Unknown Defendant Police Officers finally left Plaintiff's home after upsetting her, her minor children, and the guest of her household.

31. Plaintiff and her family have suffered from emotional distress as a result of the violations that occurred at the hands of Defendants.

## COUNT I
## VIOLATION OF 42 U.S.C. § 1983
## (ILLEGAL SEARCH AND SEIZURE AGAINST ALL DEFENDANTS)

32. Plaintiff repeats and realleges paragraphs 1 through 31 of this complaint as paragraphs 1 through 31 of Count I as though fully set forth herein.

33. Defendants violated the federally protected civil rights of Plaintiff Consuella L. Cotton and those of her minor children, including the Fourth Amendment right to be

free of illegal search and seizure, as applied to the State of Illinois through the Fourteenth Amendment.

34. All Defendants at all relevant times were acting under the color of state law.

35. Defendants, without any legitimate reason or cause, unlawfully entered Plaintiff's premises without a search warrant and without the consent of the rightful owner or any person with apparent authority.

36. Defendants, without any legitimate reason or cause, seized and searched Plaintiff and the person of her minor children and that of her house guest and Plaintiff's home.

37. Defendants knew or should have been known that their actions were violative of rights guaranteed to Plaintiff and her minor children.

38. The City of Chicago, by and through its officers and agents has failed to investigate, discipline, reprimand or instruct its officers in any way for the malicious and unconstitutional actions of its officers thus evincing a policy, practice and custom of encouraging and condoning such acts and exhibiting a reckless disregard for the rights of citizens in the jurisdiction.

39. At all relevant times, Defendant Starks and the Unknown Defendant Police Officers were acting pursuant to Defendant City of Chicago custom and practices.

40. The Defendants' actions were intentional and malicious and showed a willful and wanton disregard for the rights of the Plaintiff and her minor children.

41. The Defendants' actions have caused and continue to cause the Plaintiff and her minor children great expense, anxiety, and pain of mind and body for a long time, all to the Plaintiff's damage.

WHEREFORE, Plaintiff, CONSUELLA L. COTTON, in her own proper person and as mother and next friend of her minor children, SHAVON COTTON, JANICE COTTON, NATEIYA COTTON, IEISHA COTTON, JAMAL COTTON, JAMAL COTTON, JEREMAINE COTTON, AND PHILLIP McCARTHY, Jr., respectfully prays for judgment against the DEFENDANTS and each of them as follows:

- A. Compensatory damages in the amount of one million dollars ($1,000,000), including but not limited to, physical injury and disability, pain and suffering, and medical expenses which were incurred as a result of Defendant's actions;
- B. Costs of this suit;
- C. Reasonable attorney's fees;
- D. Other such relief as this Honorable Court deems proper and just; and
- E. Punitive damages from individual Defendants in the amount of one million dollars ($1,000,000).

## COUNT II
## BATTERY
### (Against the Individually Named Defendants)

42. Plaintiff repeats and realleges paragraphs 1 through 41 of this complaint as paragraphs 1 through 41 of Count II as though fully set forth herein.

43. On or around February 14, 2002, Defendants, without any legal justification, violently, forcefully, and without consent, shoved and jostled Plaintiff and her minor children and made an insulting and provocative contact with her and them.

44. As a result of Defendants' unlawful battery against Plaintiff and her minor children, Plaintiff and some of those children have suffered physical and emotional injuries resulting in extreme and continuing pain and expense.

45. Defendants' actions were the direct and proximate cause of the injuries suffered by Plaintiff and her minor children.

46. Defendants' actions were taken intentionally and with malice so as to cause severe Plaintiff and her minor children physical and emotional pain.

WHEREFORE, Plaintiff, CONSUELLA L. COTTON, in her own proper person and as mother and next friend of her minor children, SHAVON COTTON, JANICE COTTON, NATEIYA COTTON, IEISHA COTTON, JAMAL COTTON, JAMAL COTTON, JEREMAINE COTTON, AND PHILLIP McCARTHY, Jr., respectfully prays for judgment against the DEFENDANTS and each of them as follows:

A. Compensatory damages in the amount of one million dollars ($1,000,000), including but not limited to, physical injury and disability, pain and suffering, and medical expenses which were incurred as a result of Defendant's actions;

B. Costs of this suit;

C. Reasonable attorney's fees;

D. Other such relief as this Honorable Court deems proper and just; and

E. Punitive damages in the amount of one million dollars ($1,000,000).

## COUNT III
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

47. Plaintiff repeats and realleges paragraphs 1 through 46 of this complaint as paragraphs 1 through 46 of Count III as though fully set forth herein.

48. The actions of the Defendants, including the illegal entry into Plaintiff's home, the illegal search of Plaintiff's home, the impermissible strip search of Plaintiff, the

search of her minor children, and the battery perpetrated by Defendants on Plaintiff and her minor children, were extreme and outrageous.

49. The Defendants knew or reasonably should have known that the Plaintiff was the rightful owner of the seized property and their entry and subsequent actions had a high probability of causing severe emotional distress to the Plaintiff and her minor children.

50. The Defendants' actions were intentional and malicious and demonstrated a willful and wanton disregard for the rights of the Plaintiff and her minor children and had a high probability of causing severe emotional distress to the Plaintiff and some of her children.

51. The Defendants' actions have caused and continue to cause Plaintiff and some of her minor children severe emotional distress for which they have and must continue to seek psychological counseling.

WHEREFORE, Plaintiff, CONSUELLA L. COTTON, in her own proper person and as mother and next friend of her minor children, SHAVON COTTON, JANICE COTTON, NATEIYA COTTON, IEISHA COTTON, JAMAL COTTON, JAMAL COTTON, JEREMAINE COTTON, AND PHILLIP McCARTHY, Jr., respectfully prays for judgment against the DEFENDANTS and each of them as follows:

- A. Compensatory damages in the amount of one million dollars ($1,000,000), including but not limited to, physical injury and disability, pain and suffering, and medical expenses which were incurred as a result of Defendant's actions;
- B. Costs of this suit;

C. Reasonable attorney's fees;

D. Other such relief as this Honorable Court deems proper and just; and

E. Punitive damages in the amount of one million dollars ($1,000,000).

Respectfully submitted,

*/s/ John P. DeRose*

John P. DeRose

John P. DeRose and Associates
15 Spinning Wheel Road
Suite 328
Hinsdale, Illinois 60521
(630) 920-1111

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Consuella L. Cotton, et al.

**JUDGE ZAGEL 03 C 0933**

### DEFENDANTS
The City of Chicago, et al.

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: Cook
(EXCEPT IN U.S. PLAINTIFF CASES)

**MAGISTRATE JUDGE KEYS**

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT: Cook
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
John P. DeRose & Associates
15 Spinning Wheel Road, Suite 328
Hinsdale, Illinois 60521
(630) 920-1111

ATTORNEYS (IF KNOWN)

**DOCKETED**
**FEB 10 2003**

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury – Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury – Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws |  | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending |  |  | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
|  |  | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence |  | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment / **HABEAS CORPUS:** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / ☐ 530 General |  | **FEDERAL TAX SUITS** | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land |  ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation |  | ☐ 890 Other Statutory Actions |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 540 Mandamus & Other |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |  |
| ☐ 290 All Other Real Property | ☒ 440 Other Civil Rights / ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS – Third Party 26 USC 7609 |  |
|  | ☐ 555 Prison Condition |  |  |  |

## VI. CAUSE OF ACTION
(CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

42 U.S.C. § 1983 Illegal Search and Seizure

## VII. REQUESTED IN COMPLAINT
CHECK IF THIS IS A **CLASS ACTION** ☐ UNDER F.R.C.P. 23
DEMAND $ $1,000,000.00
CHECK YES only if demanded in complaint
JURY DEMAND: ☒ YES ☐ NO

## VIII. This case
☒ is not a refiling of a previously dismissed action.
☐ is a refiling of case number _____, previously dismissed by Judge _____

DATE: 02/07/03
SIGNATURE OF ATTORNEY OF RECORD: John P. DeRose

UNITED STATES DISTRICT COURT

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

Consuella L. Cotton, et al. v. City of Chicago, et al.

JUDGE ZAGEL

MAGISTRATE JUDGE KEYS

DOCKETED
FEB 1 0 2003

Case Number: 03 C 00933

APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR: Kevin Wright Plaintiffs, Consuella L. Cotton, Shavon Cotton, Janice Cotton, Nateiya Cotton, Ieisha Cotton, Jamal Cotton, Jeremaine Cotton, and Phillip McCarthy, Jr.

| (A) | (B) |
|---|---|
| SIGNATURE: John P. DeRose | SIGNATURE: [signed] |
| NAME: John P. DeRose | NAME: Anthony T. Capua |
| FIRM: John P. DeRose & Associates | FIRM: John P. DeRose & Associates |
| STREET ADDRESS: 15 Spinning Wheel Road, Suite 328 | STREET ADDRESS: 15 Spinning Wheel Road, Suite 328 |
| CITY/STATE/ZIP: Hinsdale, Illinois 60521 | CITY/STATE/ZIP: Hinsdale, Illinois 60521 |
| TELEPHONE NUMBER: 630/920-1111    FAX NUMBER: 630/920-1170 | TELEPHONE NUMBER: 630/920-1111    FAX NUMBER: 630/920-1170 |
| E-MAIL ADDRESS: | E-MAIL ADDRESS: |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE): 0620300 | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE): |
| MEMBER OF TRIAL BAR? YES [X] NO [ ] | MEMBER OF TRIAL BAR? YES [X] NO [ ] |
| TRIAL ATTORNEY? YES [X] NO [ ] | TRIAL ATTORNEY? YES [X] NO [ ] |
|  | DESIGNATED AS LOCAL COUNSEL? YES [ ] NO [X] |

| (C) | (D) |
|---|---|
| SIGNATURE: | SIGNATURE: |
| NAME: | NAME: |
| FIRM: | FIRM: |
| STREET ADDRESS: | STREET ADDRESS: |
| CITY/STATE/ZIP: | CITY/STATE/ZIP: |
| TELEPHONE NUMBER:    FAX NUMBER: | TELEPHONE NUMBER:    FAX NUMBER: |
| E-MAIL ADDRESS: | E-MAIL ADDRESS: |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE): | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE): |
| MEMBER OF TRIAL BAR? YES [ ] NO [ ] | MEMBER OF TRIAL BAR? YES [ ] NO [ ] |
| TRIAL ATTORNEY? YES [ ] NO [ ] | TRIAL ATTORNEY? YES [ ] NO [ ] |
| DESIGNATED AS LOCAL COUNSEL? YES [ ] NO [ ] | DESIGNATED AS LOCAL COUNSEL? YES [ ] NO [X] |