## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

CONSUELLA L. COTTON, in her own proper )
person and as mother and next friend of her minor )
children, SHAVON COTTON, JANICE COTTON, )
NATEIYA COTTON, IEISHA COTTON, JAMAL )
COTTON, JEREMAINE COTTON, AND )
PHILLIP McCARTHY, Jr., )
)
           Plaintiff, )
)   Case No. 03 C 933
v. )
)   Hon. James B. Zagel,
OFFICER PAUL CLISHAN, Star No. 4403, )   Judge Presiding.
OFFICER CHRISTOPHER FIDYSZ, Star No. 19405, )
OFFICER PAUL CARRIERE, Star No. 12472, )
OFFICER LENZIE HAYES, Star No. 13890, )
OFFICER PAUL MUHNEY, Star No. 6345, )
OFFICER LARRY THOMAS, Star No. 11681, )
OFFICER RONALD COLEMAN, Star No. 5922, )   Hon. Arlander Keys,
OFFICER JOSHUA WALLACE, Star No. 16916, )   Magistrate Judge
OFFICER ANGEL OLIVER, Star No. 19407, )
OFFICER THOMAS SKALSKI, Star No. 16591, )
OFFICER JAMES CAMPBELL, Star No. 15020, )   JURY DEMANDED
OFFICER DONNA LEWIS, Star No. 12269, )
OFFICER ALEXANDER STARKS, Star No. 16155, )
OFFICER ROBERT RUIZ, Star No. 8987, )
SERGEANT FREDERICK MELEAN, Star No. 2429, )
SERGEANT ROBERT WHEELER, Star No. 1995, )
SERGEANT DERRICK STARKS, Star No. 2226, )
POLICE AGENT LINDA SALUSTRO, Star No. 3944, )
SERGEANT MARGARET GARCIA, Star No. 1302 )
individually and in their official capacities as employees )
and police officers of the Chicago Police Department, and )
THE CITY OF CHICAGO, an Illinois Municipal )
Corporation, )
)
           Defendants. )

## NOTICE OF FILING

To:   J. Ernest Mincy, III                 Kimberly E. Brown
      Assistant Corporation Counsel     Assistant Corporation Counsel



City of Chicago Law Department  
Suite 900  
30 North LaSalle Street  
Chicago, Illinois 60602-2580  

City of Chicago Law Department  
Suite 1400  
30 North LaSalle Street  
Chicago, Illinois 60602-2580  

PLEASE TAKE NOTICE that on June 25, 2003, we caused to be filed with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, the attached First Amended Complaint, a copy of which is hereby served upon you.

*[signature]*
John P. DeRose

## PROOF OF SERVICE

The undersigned, an attorney, on oath states that this Notice was served by mailing a copy to the above attorney(s) of record on June 25, 2003, with proper postage prepaid.

*[signature]*
John P. DeRose

John P. DeRose & Associates  
15 Spinning Wheel Road  
Suite 328  
Hinsdale, Illinois 60521  
630-920-1111

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

CONSUELLA L. COTTON, in her own proper )
person and as mother and next friend of her minor )
children, SHAVON COTTON, JANICE COTTON, )
NATEIYA COTTON, IEISHA COTTON, JAMAL )
COTTON, JEREMAINE COTTON, AND )
PHILLIP McCARTHY, Jr., )
)
)
Plaintiff, )
)
) Case No. 03 C 933
v. )
) Hon. James B. Zagel,
) Judge Presiding.
OFFICER PAUL CLISHAN, Star No. 4403, )
OFFICER CHRISTOPHER FIDYSZ, Star No. 19405, )
OFFICER PAUL CARRIERE, Star No. 12472, )
OFFICER LENZIE HAYES, Star No. 13890, )
OFFICER PAUL MUHNEY, Star No. 6345, )
OFFICER LARRY THOMAS, Star No. 11681, )
OFFICER RONALD COLEMAN, Star No. 5922, ) Hon. Arlander Keys,
OFFICER JOSHUA WALLACE, Star No. 16916, ) Magistrate Judge
OFFICER ANGEL OLIVER, Star No. 19407, )
OFFICER THOMAS SKALSKI, Star No. 16591, )
OFFICER JAMES CAMPBELL, Star No. 15020, ) JURY DEMANDED
OFFICER DONNA LEWIS, Star No. 12269, )
OFFICER ALEXANDER STARKS, Star No. 16155, )
OFFICER ROBERT RUIZ, Star No. 8987, )
SERGEANT FREDERICK MELEAN, Star No. 2429, )
SERGEANT ROBERT WHEELER, Star No. 1995, )
SERGEANT DERRICK STARKS, Star No. 2226, )
POLICE AGENT LINDA SALUSTRO, Star No. 3944, )
SERGEANT MARGARET GARCIA, Star No. 1302 )
individually and in their official capacities as employees )
and police officers of the Chicago Police Department, and )
THE CITY OF CHICAGO, an Illinois Municipal )
Corporation, )
)
)
Defendants. )

## FIRST AMENDED COMPLAINT

NOW COMES the Plaintiff, CONSUELLA L. COTTON, in her own proper person and as



mother and next friend of her minor children, SHAVON COTTON, JANICE COTTON, NATEIYA COTTON, IEISHA COTTON, JAMAL COTTON, JEREMAINE COTTON, AND PHILLIP McCARTHY, Jr., by and through her attorneys, John P. De Rose and Associates, and complains of the Defendants, OFFICER PAUL CLISHAN, OFFICER CHRISTOPHER FIDYSZ, OFFICER PAUL CARRIERE, OFFICER LENZIE HAYES, OFFICER PAUL MUHNEY, OFFICER LARRY THOMAS, OFFICER RONALD COLEMAN, OFFICER JOSHUA WALLACE, OFFICER ANGEL OLIVER, OFFICER THOMAS SKALSKI, OFFICER JAMES CAMPBELL, OFFICER DONNA LEWIS, OFFICER ALEXANDER STARKS, OFFICER ROBERT RUIZ, SERGEANT FREDERICK MELEAN, SERGEANT ROBERT WHEELER, SERGEANT DERRICK STARKS, POLICE AGENT LINDA SALUSTRO, SERGEANT MARGARET GARCIA, and THE CITY OF CHICAGO, and states:

## JURISDICTION

1. The jurisdiction of this Honorable Court is invoked pursuant to 42 U.S.C. § 1983 and supplemental jurisdiction is requested over state law claims pursuant to 28 U.S.C. § 1367.

## PARTIES

2. CONSUELLA L. COTTON, (sometimes hereinafter referred to as "Plaintiff"), at all relevant times hereinafter mentioned was a citizen and resident of the State of Illinois and of the United States.

3. SHAVON COTTON, JANICE COTTON, NATEIYA COTTON, IEISHA COTTON, JAMAL COTTON, JAMAL COTTON, JEREMAINE COTTON, AND PHILLIP McCARTHY, Jr., at all relevant times hereinafter mentioned were citizens

-2-

and residents of the State of Illinois and of the United States.

4. The Defendants, OFFICER PAUL CLISHAN, OFFICER CHRISTOPHER FIDYSZ, OFFICER PAUL CARRIERE, OFFICER LENZIE HAYES, OFFICER PAUL MUHNEY, OFFICER LARRY THOMAS, OFFICER RONALD COLEMAN, OFFICER JOSHUA WALLACE, OFFICER ANGEL OLIVER, OFFICER THOMAS SKALSKI, OFFICER JAMES CAMPBELL, OFFICER DONNA LEWIS, OFFICER ALEXANDER STARKS, OFFICER ROBERT RUIZ, SERGEANT FREDERICK MELEAN, SERGEANT ROBERT WHEELER, SERGEANT DERRICK STARKS, POLICE AGENT LINDA SALUSTRO, and SERGEANT MARGARET GARCIA, at all relevant times hereinafter mentioned were citizens and residents of the State of Illinois and the United States and were employees of the Police Department of Defendant CITY OF CHICAGO.

5. At all relevant times hereinafter mentioned, THE CITY OF CHICAGO is an Illinois Municipal Corporation.

## FACTS

6. On or around February 14, 2002, Plaintiff CONSUELLA L. COTTON was at her home located at 6018 S. Champlain in Chicago, Illinois.

7. On or around February 14, 2002 at approximately 6:15 p.m., the Defendant Police Officers were on assignment to negotiate and complete a controlled purchase of narcotics involving all the members of the 369 and 362 Tactical and Gang Teams of the Chicago Police Department.

8. Officer Campbell, acting in an undercover capacity went to the area of Plaintiff's

-3-

residence at 6018 South Champlain where he made a controlled purchase of a small quantity of heroin for ten ($10.00) dollars from one Robert K. Yoakum on the street.

9. Officer Campbell then left the area on foot and notified the assist units of the purchase of a controlled substance within 1,000 feet of a grammar school in violation of the Criminal Code of the Illinois Compiled Statutes.

10. Defendant Police Officers converged on the area and the suspect fled into the building located at 6018 South Champlain and up the stairs to the second floor apartment.

11. Defendant Police Officers went in hot pursuit of the suspect.

12. Defendant Police Officers appeared at Plaintiff's home and began banging with a battering ram on the door to the vestibule of the lobby of her apartment building.

13. Defendant Police Officers were in plain clothes and wearing bullet proof vests, but showing no outward signs of lawful authority.

14. At the banging and insistent demands of the Defendant Police Officers, Plaintiff immediately opened the door to the vestibule of the lobby of the apartment building.

15. Without warrant or invitation, the Defendant Police Officers violently pushed Plaintiff aside and then boisterously rushed and entered her home on the first floor of the building with their guns drawn.

16. The Defendant Police Officers' entry into Plaintiff's home frightened and intimidated Plaintiff and her family, consisting of seven minor children ranging in age from 16 years to 2 years.

17. The Defendant Police Officers announced that someone had sold drugs through the front door of the apartment building to an undercover officer, and that they were

looking for marked money.

18. The Defendant Police Officers searched, ransacked, and upset the home of Plaintiff and her minor children.

19. The Defendant Police Officers hollered and ordered Plaintiff and her minor children about the house, except her daughter, Shavon Cotton who was not home at the time.

20. The Defendant Police Officers accused Plaintiff of having drugs in her home.

21. Plaintiff emphatically insisted there were no drugs in her home.

22. One of the Sergeants on the scene replied, "I know you are involved in this."

23. The Defendant Police Officers ushered Plaintiff and her minor children into the front room of her home.

24. The Defendant Police Officers then brought two unknown men in handcuffs into the living room of the apartment and made them sit on the floor.

25. In the presence and view of her minor children and the two men who were handcuffed on the living room floor, Defendant Donna Lewis then made Plaintiff pull her underwear down and her night-gown up, exposing her naked body, without any right or reason to so do.

26. At that time Plaintiff was in the plain view of the two men in handcuffs as well as the Defendant Police Officers as they walked about the apartment.

27. Shavon Cotton, Plaintiff's oldest daughter was outside the door to the home and was not allowed to enter by order of the Defendant Police Officers.

28. From her vantage point outside her home, Shavon Cotton could see her mother being subjected to the strip search in front of her brothers and sisters.

29. Without any right or reason to so do, the Defendant Police Officers then searched Plaintiff's minor children who were in the home at the time.

30. Breena Thomas, Plaintiff's female friend who was visiting her at the time was also searched.

31. After the Defendant Police Officers claimed to have found drugs in the upstairs apartment, they told Plaintiff in the presence of her minor children that they knew she was "a part of it" and that they would take her children away from her.

32. In her presence and the presence of her minor children, one of the Defendant Police Sergeants asked the two men from the upstairs apartment if Plaintiff was involved in the selling of drugs, to which they replied, "No, she just lives on the first floor."

33. The Defendant Police Officers released the two unknown men from the handcuffs and allowed them to leave the building.

34. The Defendant Police Officers and Sergeants finally left Plaintiff's home after upsetting her, her minor children, and the guest of her household.

35. Plaintiff filed a complaint with the Internal Affairs Division of the Chicago Police Department alleging that, without a warrant or permission, her apartment was searched by Defendants, that her children were subjected to a search, and that she was subjected to a strip search.

36. As is their practice, Defendant Police Officers and Sergeants filed false police reports denying any violation of Plaintiffs' civil rights and justifying the entry and search of Plaintiff's premises and the persons of Plaintiff and her minor children on the basis of "a hot pursuit of fleeing felons".

37. As is the custom and practice of the Defendant City of Chicago and investigators of the Internal Affairs Division of the Chicago Police Department, Defendant Police Agent Linda Salustro and Defendant Sergeant Garcia did not investigate and process Plaintiff's complaint against the Defendant Police Officers and Sergeants, and narrowly construed Plaintiff's complaint to be only against Defendant Officer Donna Lewis, who conducted the strip search of Plaintiff.

38. It is and has long been the practice of the City of Chicago and the investigators of the Internal Affairs Division to not adequately investigate officers for civil rights violations perpetrated against its citizens which evinces a custom and policy.

39. It is and has long been the practice of the City of Chicago to fail to train, supervise, investigate, and discipline its officers for civil rights violations perpetrated against its citizens which evinces a custom and policy.

40. In 1992, the City of Chicago "investigated" 526 complaints of violations of civil rights and sustained only 6 or 0.0114% of such complaints.

41. In 1993, the City of Chicago "investigated" 482 complaints of violations of civil rights and sustained only 11 or 0.022% of such complaints.

42. In 1994, the City of Chicago "investigated" 582 complaints of violations of civil rights and sustained only 8 or 0.013% of such complaints.

43. In 1995, the City of Chicago "investigated" 540 complaints of violations of civil rights and sustained only 3 or 0.055% of such complaints.

44. In 1996, the City of Chicago "investigated" 1,049 complaints of violations of civil rights and sustained only 15 or 0.0142% of such complaints.

45. In 1997, the City of Chicago "investigated" 1,233 complaints of violations of civil rights and sustained only 8 or 0.0064% of such complaints.

46. The complaints of civil rights violations perpetrated on its citizens and called to the attention of the City of Chicago continue to escalate, while the corrective and disciplinary action taken by the City of Chicago continues to decline.

47. The continued failure of the City of Chicago to address this problem evinces a policy, practice, and procedure that is violative of Plaintiff's civil rights and the civil rights of her minor children.

48. The City of Chicago's utter failure to properly train, supervise, investigate, and discipline its officers, shows the deliberate indifference of Defendants to the civil rights of Plaintiff and of her minor children and those of other citizens of the City of Chicago and allows those civil rights to continue to be violated.

49. Plaintiff and her family have suffered from emotional distress as a result of the violations that occurred at the hands of Defendants.

## COUNT 1
## VIOLATION OF 42 U.S.C.§ 1983
## (ILLEGAL SEARCH AND SEIZURE AGAINST ALL DEFENDANTS)

50. Plaintiff repeats and realleges paragraphs 1 through 49 of this complaint as paragraphs 1 through 49 of Count 1 as though fully set forth herein.

51. Defendants violated the federally protected civil rights of Plaintiff Consuella L. Cotton and those of her minor children, including the Fourth Amendment right to be free of illegal search and seizure, as applied to the State of Illinois through the Fourteenth Amendment.

52. All Defendants at all relevant times were acting under the color of state law.

53. Defendants, without any legitimate reason or cause, unlawfully entered Plaintiff's premises without a search warrant and without the consent of the rightful owner or any person with apparent authority.

54. Defendants, without any legitimate reason or cause, seized and searched Plaintiff and the person of her minor children and that of her house guest and Plaintiff's home.

55. Defendants knew or should have been known that their actions were violative of rights guaranteed to Plaintiff and her minor children.

56. The City of Chicago, by and through its officers and agents has failed to investigate, discipline, reprimand or instruct its officers in any way for the malicious and unconstitutional actions of its officers thus evincing a policy, practice and custom of encouraging and condoning such acts and exhibiting a reckless disregard for the rights of citizens in the jurisdiction.

57. At all relevant times, the Defendant Police Officers were acting pursuant to Defendant City of Chicago custom and practices.

58. The Defendants' actions were intentional and malicious and showed a willful and wanton disregard for the rights of the Plaintiff and her minor children.

59. The Defendants' actions have caused and continue to cause the Plaintiff and her minor children great expense, anxiety, and pain of mind and body for a long time, all to the Plaintiff's damage.

WHEREFORE, Plaintiff, CONSUELLA L. COTTON, in her own proper person and as mother and next friend of her minor children, SHAVON COTTON, JANICE COTTON, NATEIYA

COTTON, IEISHA COTTON, JAMAL COTTON, JAMAL COTTON, JEREMAINE COTTON,

AND PHILLIP McCARTHY, Jr., respectfully prays for judgment against the DEFENDANTS and

each of them as follows:

- A. Compensatory damages in the amount of one million ($1,000,000) dollars, including but not limited to, physical injury and disability, pain and suffering, and medical expenses which were incurred as a result of Defendant's actions;

- B. Costs of this suit;

- C. Reasonable attorney's fees;

- D. Other such relief as this Honorable Court deems proper and just; and

- E. Punitive damages from individual Defendants in the amount of one million ($1,000,000) dollars.

## COUNT II
## BATTERY
### (Against the Individually Named Defendants)

60. Plaintiff repeats and realleges paragraphs 1 through 59 of this complaint as paragraphs 1 through 59 of Count II as though fully set forth herein.

61. On or around February 14, 2002, Defendants, without any legal justification, violently, forcefully, and without consent, shoved and jostled Plaintiff and her minor children and made an insulting and provocative contact with her and with them.

62. As a result of Defendants' unlawful battery against Plaintiff and her minor children, Plaintiff and some of those children have suffered physical and emotional injuries resulting in extreme and continuing pain and expense.

63. Defendants' actions were the direct and proximate cause of the injuries suffered by Plaintiff and her minor children.

64. Defendants' actions were taken intentionally and with malice so as to cause severe Plaintiff and her minor children physical and emotional pain.

WHEREFORE, Plaintiff, CONSUELLA L. COTTON, in her own proper person and as mother and next friend of her minor children, SHAVON COTTON, JANICE COTTON, NATEIYA COTTON, IEISHA COTTON, JAMAL COTTON, JAMAL COTTON, JEREMAINE COTTON, AND PHILLIP McCARTHY, Jr., respectfully prays for judgment against the DEFENDANTS and each of them as follows:

- A. Compensatory damages in the amount of one million ($1,000,000) dollars, including but not limited to, physical injury and disability, pain and suffering, and medical expenses which were incurred as a result of Defendant's actions;
- B. Costs of this suit;
- C. Reasonable attorney's fees;
- D. Other such relief as this Honorable Court deems proper and just; and
- E. Punitive damages in the amount of one million ($1,000,000) dollars.

### COUNT III
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

65. Plaintiff repeats and realleges paragraphs 1 through 64 of this complaint as paragraphs 1 through 64 of Count III as though fully set forth herein.

66. The actions of the Defendants, including the illegal entry into Plaintiff's home, the illegal search of Plaintiff's home, the impermissible strip search of Plaintiff, the search of her minor children, and the battery perpetrated by Defendants on Plaintiff and her minor children, were extreme and outrageous.

-11-

Respectfully submitted,

*John P. DeRose*

John P. DeRose

John P. DeRose and Associates
15 Spinning Wheel Road
Suite 328
Hinsdale, Illinois 60521
(630) 920-1111